IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEMETRIUS HARRIS,   *
*a/k/a Demetrius Diggs,*

Plaintiff   *

v   *   Civil Action No. RDB-18-2212

OFFICER BAMBA[1]   *

Defendant   *

\*\*\*

## MEMORANDUM OPINION

Self-represented Plaintiff Demetrius Harris filed this action for monetary damages for injuries he sustained when he was attacked by other pre-trial detainees at the Baltimore Central Booking and Intake Center. (ECF No. 1). Officer Bamba has filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Harris was notified that a dispositive motion was filed in this case and of his right to file a response (ECF No. 10), but he has not done so. The case is now ripe for review and a hearing is unnecessary. *See* Local Rule 105.6. For the reasons that follow, Defendant's Motion to Dismiss IS GRANTED.

## BACKGROUND

On November 30, 2017, Harris was stabbed several times in the head and face. He was dragged out of his bed at 4:00 a.m. by three detainees, none of whom he identifies. The incident was recorded on the prison security camera located in the dormitory. Harris is wheelchair-bound.

---

[1] Harris names "Ofc. Bambi" in the caption of the Complaint. ECF No. 1. Counsel for Defendant states that after investigation, it was determined that the officer's last name is spelled "Bamba." ECF 9-1 n. 1; ECF No. 6. The Clerk shall amend the docket to reflect the correct spelling.

(ECF No. 1 at p. 3). The Complaint makes a single reference to the one named Defendant: "Bamb[a] was not at his assigned post inside of the dormitory at the time of the assault." *Id.*

## STANDARD OF REVIEW

In reviewing a complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pleaded allegations in the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (brackets omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

2

the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[P]leadings should not be scrutinized with such technical nicety that a meritorious claim should be defeated, and even if the claim is insufficient in substance, it may be amended to achieve justice." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

This Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and shall treat the Complaint as filed pursuant to 42 U.S.C. §1983, alleging failure to protect claim under the Fourteenth Amendment. Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In making this determination, "[t]he district court . . . must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-723 (4th Cir. 1989).

### DISCUSSION

A failure-to-protect claim brought by a pretrial detainee constitutes a due process claim under the Fourteenth Amendment to the United States Constitution. *Smith v. Sangamon Cty. Sheriff's Dep't*, 715 F.3d 188, 191 (7th Cir. 2013). "Due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to the convicted prisoner." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) (quoting *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)); *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001). The standard for a Fourteenth Amendment failure-to-protect claim is the same as a comparable claim brought by a convicted

3

prisoner under the Eighth Amendment. *See, e.g., Goodman v. Kimbrough*, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013); *Kamara v. Prince George's County Dep't of Corr.*, No. ELH-15-3952, 2017 WL 735549, at *12 (D. Md. Feb. 24, 2017).

Under the Eighth Amendment prison officials are required to "take reasonable measures to guarantee the safety of inmates," including protecting them "from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33(1994); *Makdessi v. Fields*, 789 F.3d 126, 132 (4th Cir. 2015). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer* v. Brennan, 511 U.S. 825, 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

To establish a failure to protect claim a prisoner must satisfy a two-part inquiry, consisting of objective and subjective prongs. *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016). For the objective prong, the prisoner "'must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury' or a substantial risk thereof." *Id.* (quoting *Danser v. Stansberry*, 772 F.3d 340, 346-47 (4th Cir. 2014)). This inquiry "requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Id.* (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)).

Meeting the first part of the inquiry requires the plaintiff to "establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury," or a substantial risk thereof. *Danser v Stansberry*, 772 F.3d at 346-47 (internal quotation marks omitted); *see Farmer*, 511 U.S. at 834. The second part of the inquiry requires the plaintiff to show that the defendant had a "sufficiently culpable state of mind," consisting of "deliberate indifference to inmate health and safety." *Raynor*, 817 F.3d at 127-28 (quoting *Farmer*, 511 U.S. at 834).

4

Negligent failure to protect an inmate from an attack by another inmate does not violate the inmate's constitutional rights. *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). "[A] showing of mere negligence" will not meet the deliberate indifference standard. *Grayson v. Peed*, 195 F. 3d 692, 695 (4th Cir. 1999). To establish deliberate indifference requires a showing that the official actually "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; *Raynor*, 817 F.3d at 128. A "factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. A prison official aware of such a risk to an inmate fulfills the constitutional obligation by taking reasonable steps to avert harm, even if the harm still occurs. *Id.* at 844-45.

This Court shall assume *arguendo* that the injuries Harris sustained during the attack satisfy the first part of the inquiry. Regarding the second part inquiry, Harris alleges only that Officer Bamba was absent from his assigned post in the dormitory where he was attacked. Of import, Harris does not allege Bamba' was actually aware of an excessive risk to his safety from the three unidentified assailants when he left his post. Absent such an allegation, Bamba's act of leaving his post is simply not enough to establish a colorable constitutional claim for failure to protect Harris from the violent attack that occurred. The constitution is not a guarantee that no harm will befall a prisoner; rather, it is a protection against *intentional* deprivations that result in harm. Given the facts as alleged and accepted as true, the complaint fails to state a claim for relief. Defendant's Motion to Dismiss will be granted.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, this Court will in a separate Order GRANT the Motion to Dismiss.

July 1, 2019

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE